**In Re: Nomination Petition of Patrick DUGAN as a Candidate for the Democratic Nomination for the office of State Representative for the 202nd Legislative District.**

**Mark B. Cohen, Petitioner.**

Commonwealth Court of Pennsylvania.

Heard March 22, 2006.
Decided March 24, 2006.
Ordered Published May 24, 2006.

1. Candidate admitted he failed to disclose the Veterans Affairs Administration, Homeside Lending, Inc., Educational Resources Insti-

Robert E. Paul, Philadelphia, for petitioner.

Patrick Dugan, respondent, pro se.

OPINION BY Judge SIMPSON.

Mark B. Cohen (Objector) filed a petition to set aside the nomination petition of Patrick Dugan (Candidate) as a candidate of the Democratic Party for the office of State Representative for the 202nd Legislative District. Objector challenges the nomination petition asserting Candidate's failure to timely disclose creditors constitutes a fatal defect under Section 1104(b) of the Public Official and Employee Ethics Act (Ethics Act), 65 Pa.C.S. § 1104(b).

A hearing on March 22, 2006, established facts which are largely undisputed. Candidate timely filed his nomination petition with the Department of State and also timely filed a Statement of Financial Interests with the Ethics Commission. However, Candidate failed to list four creditors on his Statement of Financial Interests as by Section 1105(b)(4) of the Ethics Act, 65 Pa.C.S. § 1105(b)(4) (a candidate must disclose the name, address and interest rate of each creditor owed in excess of $6,500.00).[1]

In addition, at the hearing Candidate submitted an amended Statement of Fi-

tute, Inc. and the Pennsylvania Higher Edu-

nancial Interests listing the four creditors at issue. Candidate's Exhibit 2. The amended Statement of Financial Interests indicated Candidate filed the form with the Ethics Commission and the Department of State on the morning of the hearing. *Id.*

Section 1104(b)(3) of the Ethics Act provides, "[t]he failure to file the statement [of financial interests] in accordance with the provisions of this chapter shall . . . be a fatal defect to appear on the ballot." 65 Pa.C.S. § 1104(b)(3). In *In re Nominating Petitions of Braxton,* 583 Pa. 35, 874 A.2d 1143 (2005), our Supreme Court refused to allow the amendment of a Statement of Financial Interests. The Court noted the candidate "did not disclose anywhere on his Statement of Financial Interests the sources of his rental income and the names and addresses of the creditors holding mortgages on his rental properties." *Id.See also Petition of Cioppa,* 533 Pa. 564, 626 A.2d 146 (1993).[2]

Nevertheless, Candidate suggests he substantially complied with the Ethics Act, and, therefore, is entitled to an exception to the fatal defect rule of Section 1104(b)(3), citing *In re Nomination Petition of Benninghoff,* 578 Pa. 402, 852 A.2d 1182 (2004). There, our Supreme Court permitted an amendment of a Statement of Financial Interests to disclose the identity of a candidate's employer. The face of the Statement revealed the candidate was an incumbent state representative; however, the original Statement did not list the Commonwealth of Pennsylvania as candidate's income source. The Supreme Court permitted amendment of the Statement to provide that information, holding there was substantial compliance with the Ethics Act where all the statutorily required disclosures "can be facially obtained from the information provided on the form as a whole." *Id.* at 411, 852 A.2d at 1187.

Here, unlike in *Benninghoff,* the existence of the four creditors at issue was not discernable from the face of his original Statement of Financial Interests. As a result, this Court's decision in *Benninghoff* is inapposite.

In summary, Candidate admitted he failed to disclose four required creditors on his original Statement of Financial Interests. As Candidate's total failure to disclose required creditors is a fatal defect, Objector satisfied his burden of proving Candidate failed to comply with the requirements of the Ethics Act.[3] Accordingly, we grant the petition to set aside.[4]

---

cation Assistance Agency as creditors on his Statement of Financial Interests.

**2.** Candidate asserts he was confused by the directions accompanying the Statement of Financial Interests. I reject this claim in the absence of corroborating proof, such as a copy of the allegedly confusing instructions.

**3.** Candidate also invites this Court to follow a recent unpublished order in *In re Nomination Petition of Babbett Josephs for the 182nd District in the Pennsylvania House of Representatives,* (125 M.D. 2006, filed March 21, 2006), which apparently accepted an amended financial statement. We decline the invitation for two reasons. First, in *Josephs,* we denied an objector's petition to set aside a nomination petition because she failed to satisfy her burden of proving the candidate failed to comply

with the Ethics Act, and not whether, as here, an amended Statement of Financial Interests cures a defect in the original Statement. Second, an unpublished opinion is not precedential. *210 Pa.Code* § *67.55.*

**4.** Additionally, Objector argues Candidate's nomination petition should be set aside because he failed to disclose the Kennedy Printing Company as a creditor on his original Statement of Financial Interests and incorrectly listed his address on some, but not all of the election forms. Although our disposition of the instant matter renders these arguments moot, neither argument has merit.

First, the Kennedy Printing Company debt resulted from the purchase of election material by an unincorporated political action committee for the election of Candidate.

## ORDER

AND NOW, this 24th day of March, 2006, after hearing, the petition to set aside the nomination of Patrick Dugan is **GRANTED.** Accordingly, the nomination petition is **SET ASIDE.**

The Secretary of the Commonwealth is **DIRECTED** not to certify the name of Patrick Dugan as a candidate of the Democratic Party for the office of State Representative for the 202nd Legislative District for the 2006 Primary Election.

The Chief Clerk is **DIRECTED** to certify a copy of this Order to the Secretary of the Commonwealth and to notify forthwith the parties or their counsel.

Each party shall bear his own costs.

However, Objector failed to prove Candidate personally assumed liability for this debt. Also, Objector failed to prove Candidate was a principal of the political action committee at the time the debt was incurred or at the present time.

Second, Candidate presented a February, 2006, gas bill in his name for 1018 Fanshawe Street, Philadelphia, Pennsylvania 19111. Candidate's Exhibit 1. With this evidence Candidate proved a non-material defect relating to his address on the face of some of the papers. His oral motion to amend to correct his address was properly granted.